WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Valerie Leland, et al., | No. CV-17-8159-PCT-SPL (DKD) |
| Plaintiffs, | |
| v. | **ORDER** |
| County of Yavapai, et al., | |
| Defendants. | |

In support of their state law claim for wrongful death against Defendant Wilkinson and pursuant to Ariz. Rev. Stat. § 12-2603, Plaintiffs filed a preliminary expert affidavit from Todd Wilcox, M.D. (Doc. 34-1 at 27-34) Defendants challenge the affidavit's sufficiency and argue that the affidavit does not meet the statutory requirement of including "[t]he manner in which the health care professional's acts, errors or omissions caused or contributed to the damages or other relief sought by the claimant." Ariz. Rev. Stat. §12-2603(B)(4). Defendants ask to stay discovery until Plaintiffs produce an amended affidavit. (Docs. 39, 41)

Plaintiffs respond that Dr. Wilcox's affidavit is sufficient because it includes his opinion that Defendant Wilkinson fell below enumerated standards of care and this caused or contributed to Plaintiff's death. (Doc. 35 at 2-5) Plaintiffs further note that the preliminary affidavit requirement is not the same as their ultimate burden of proof at trial

and was intended only to screen out frivolous claims and not require a plaintiff to establish their final causation claim at the early stages of litigation. (Doc. 35)

The Court agrees. Plaintiffs have provided a preliminary affidavit that meets the requirements of Ariz. Rev. Stat. § 12-2603(B)(4) because, among other things, the affiant alleges that Defendant Wilkinson's actions fell below the standard of care and this caused or contributed to Plaintiff's death.[1] The Court concludes that the affidavit satisfies the statute's plain language and its purpose, namely "to curb frivolous medical malpractice suits." *Ryan v. San Francisco Peaks Trucking Co., Inc.* 262 P.3d 863, 871 (Ariz. App. 2011).

The parties have also filed a joint motion for a protective order. (Doc. 36) The Court will grant the motion.

**IT IS ORDERED** denying Defendants' Amended Motion to Compel and Stay of Discovery (Doc. 39)

**IT IS FURTHER ORDERED** granting the parties' Joint Motion for Protective Order and approving the proposed form of order filed at Doc. 36-1. (Doc. 36)

Dated this 23rd day of January, 2018.

David K. Duncan
United States Magistrate Judge

---

[1] Defendants appear to argue—for the first time in reply— that Ariz. Rev. Stat. § 12-2603 applies to Plaintiffs' federal claims. (Doc. 41 at 6-7) Even if the Court agreed to consider arguments raised for the first time in reply, this argument would fail. *Sethy v. Alameda County Water Dist.*, 545 F.2d 1157, 1162 (9th Cir. 1976) ("[A] plaintiff seeking in federal court to vindicate a federally created right cannot be made to jump through the procedural hoops for tort-type cases that may have commended themselves to the legislative assemblies of the several states.") *See also Rumbles v. Hill*, 182 F.3d 1064, 1067 (9th Cir. 1999) (prisoners are not required to comply with state-imposed tort-claim rules or procedures as part of the exhaustion of administrative remedies requirement of 28 U.S.C. § 1997e(a)); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980) (California prelitigation requirements are inapplicable to civil rights actions); *Ney v. California*, 439 F.2d 1285, 1287 (9th Cir. 1971) (California Tort Claims Act does not apply to a prisoner's claims under § 1983).