IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Valerie Leland, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> County of Yavapai, et al., <br><br> Defendants. | No. CV-17-08159-PCT-SPL <br><br> **ORDER** |

Plaintiffs Valerie Leland and Julia Muncy, the daughter and mother of Francis Naomi Wright, who died while detained in the Yavapai County Jail, brought this civil rights action for alleged constitutional and state law violations against Yavapai County, numerous County employees, Wexford Health Sources, Inc.,[1] and numerous Wexford employees (Doc. 13, Ex. 1). Plaintiffs initiated this action in Yavapai County Superior Court on December 29, 2016, and the Wexford Defendants removed the action to federal court in April 2017 (Doc. 1).

The Honorable Deborah M. Fine, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Doc. 165), recommending that the Court grant Plaintiffs' Motion to Exclude Untimely Expert Opinions (Doc. 131). Judge Fine further advised the

---

[1] Wexford Health Sources, Inc. ("Wexford") is a privately-owned corporation contracted to provide medical care to detainees in the Yavapai County Jail (Doc. 13-1, ¶ 10). The nurses named as Defendants—Valerie Whitcomb, Deborah Gallihar, Debra Wagner, Shirley Mitchell, and Theresa Goble—and Defendant Dr. Wilkinson were all Wexford employees at the relevant time (Doc. 13-1, ¶¶ 12–13, 15).

parties that they had fourteen (14) days to file objections to the R&R and that failure to do so could be considered a waiver of the right to obtain review of the R&R (Doc. 165) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72; *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)).

The parties did not file objections, which relieves this Court of its obligation to review the R&R. *See Reyna-Tapia*, 328 F.3d at 1121; *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not . . . require any review at all . . . of any issue that is not the subject of an objection."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Court has nonetheless reviewed the R&R and finds that it is well-taken. The Court will thus adopt the R&R and grant Plaintiffs' Motion to Exclude Untimely Expert Opinions (Doc. 131). Accordingly,

**IT IS ORDERED** that Magistrate Judge Deborah M. Fine's Report and Recommendation (Doc. 165) is **accepted** and **adopted** by the Court.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Exclude Untimely Expert Opinions (Doc. 131) is **granted**.

Dated this 8th day of April, 2019.

Honorable Steven P. Logan
United States District Judge

2